UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PLANT 21 LLC,<br><br>Plaintiff,<br><br>v.<br><br>CASCADE GREENHOUSE, et al.,<br><br>Defendants. | CASE NO. C07-5640-BHS<br><br>ORDER DENYING DEFENDANTS' MOTION TO STRIKE PORTIONS OF THE COMPLAINT AND GRANTING PLAINTIFF'S CROSS-MOTION FOR LEAVE TO FILE AMENDED COMPLAINT |

This matter comes before the Court on Defendants' Motion to Strike Portions of the Complaint (Dkt. 11) and Plaintiff's Cross-Motion for Leave to File Amended Complaint (Dkt. 28). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby denies Defendants' motion and grants Plaintiff's motion for the reasons stated herein.

**I. PROCEDURAL BACKGROUND**

On November 19, 2007, Plaintiff Plant 21 LLC filed a complaint for patent infringement against Defendants Cascade Greenhouse, a.k.a. R&L Greenhouse, Randy Wosepka, and various John and Jane Does and ABC Companies. Dkt. 1. On December 21, 2007, Defendants answered. Dkt. 4.

On June 26, 2008, Defendants filed a Motion to Strike Portions of the Complaint. Dkt. 11. On July 14, 2008, Plaintiff responded and included a Cross-Motion for Leave to File Amended Complaint. Dkt. 28. On July 17, 2008, Defendants replied to their motion and responded to Plaintiff's motion. Dkt. 33. On July 23, 208, Plaintiff replied to its motion. Dkt. 35.

These motion are now ripe for consideration.

## II. DISCUSSION

Federal Rule of Civil Procedure 12(f) provides that: "The Court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike, however, are generally disfavored because of the limited importance of pleadings in federal practice and because it is usually used as a delaying tactic. *See* William Schwarzer, et al., Federal Civil Procedure Before Trial § 9:375 (citing *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1478 (C.D. Cal. 1996); *Stanbury Law Firm v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000)). This "generally disfavored" notion may arise from situations similar to the current one before this Court, the semantic value of terms contained in the pleading such as "unauthorized" versus "infringing" and "knowledge" as opposed to "full knowledge."

Plaintiff alleged that Defendants' acts of infringement were based on "prior knowledge" of the patents in suit. Dkt. 1, ¶ 15. Plaintiff concedes that this allegation is insufficient both for willful infringement and for any damages that it may be entitled to for willful infringement. Dkt. 28 at 1. Plaintiff seeks to amend its complaint and allege that "Defendants' *unauthorized propagation* was performed in a willful and deliberate manner because they committed such acts with *knowledge* of Plant 21's Patents-in-Suit." Dkt. 29 at 10, ¶ 15 (Plaintiff's amended complaint) (emphasis added). Defendants contend that these amendments are essentially futile because of the following: (1) "'unauthorized' [propagation] is not the same as 'infringing' propagation."; and

(2) "There is a world of difference between 'full knowledge' and 'knowledge'."  Dkt. 33 at 1-2.

An allegation of willful infringement is not subject to a heightened pleading standard but must meet the requirements of Rule 8.  *See, e.g., In re Seagate Tech., LLC*, 497 F.3d 1360 (Fed. Cir. 2007).  First, the term "unauthorized" meets the standard of Rule 8 that Plaintiff provide a "short and plain statement of the claim."  Defendants have provided no authority for its argument that "unauthorized" is not "infringing."  Moreover, the argument is better suited as Plaintiff's failure to state a claim upon which relief may be granted rather than Plaintiff pleading an immaterial matter.  Even so, such an argument would most likely unnecessarily delay or needlessly increase the cost of this litigation.

Second, the burden of proof on the merits is not a matter to be decided by the pleadings.  Defendants cite no authority for their proposition that a plaintiff must allege "full knowledge" of specific patents as opposed to "knowledge" of those patents. While the Federal Circuit has held that pleading "full knowledge" is sufficient, *Sentry Prot. Prods., Inc. v. Eagle Mfg. Co.*, 400 F.3d 910, 918 (Fed. Cir. 2005), the Court is unaware of any Federal Circuit ruling that held that merely pleading "knowledge" was insufficient.

### III. ORDER

Therefore, it is hereby

**ORDERED** that Defendants' Motion to Strike Portions of the Complaint (Dkt. 11) is **DENIED** and Plaintiff's Cross-Motion for Leave to File Amended Complaint (Dkt. 28) is **GRANTED**.  Plaintiff must file its Amended Complaint by August 22, 2008.

DATED this 8th day of August, 2008.

BENJAMIN H. SETTLE
United States District Judge